UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LISA REYES,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

**DECISION AND ORDER**
17-CV-1194

## Background

Plaintiff Lisa Reyes challenges the Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since July 29, 2012, due to hepatitis C, bipolar disorder, depression, anxiety, carpal tunnel and epilepsy. Tr.[1] 231. Plaintiff contends her impairments render her unable to work and, therefore, she is entitled to disability benefits under the Act. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

On July 30, 2013, Plaintiff protectively applied for Supplemental Security Income ("SSI"). Tr. 185-205. Plaintiff appeared with counsel and testified in two hearings before Administrative Law Judge Eric Glazer ("the ALJ") on August 4, 2015, and March 17, 2016. Tr. 36-66. On March 21, 2016, the ALJ consulted with a vocational expert ("VE"). Tr. 284-295. On July 5, 2016, the ALJ issued a written decision denying Plaintiff's application for benefits. Tr. 17-30. On September 20, 2017, the Appeals Council denied

---

[1] References to "Tr." are to the administrative record in this matter.

1

Plaintiff's request for review. Plaintiff filed the current action on November 20, 2017, challenging the Commissioner's final decision.[2] Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12 (c). Dkt. Nos. 9, 12, 13.

## Legal Standard

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); see also 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health and Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

---

[2] The ALJ's July 5, 2016 decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.

2

## II.     Disability Determination

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act. *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.

20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform the alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## Discussion

### I. The ALJ's Decision

The ALJ's decision analyzed the Plaintiff's claim for benefits under the process set forth above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 30, 2013, the application date. Tr. 22. At step two, the ALJ found that Plaintiff has the following severe impairments: "depressive disorder, rule-out substance induced; drugs, substance addiction disorders; and carpal tunnel syndrome." Tr. 22. He determined that Plaintiff's history of seizures did not constitute a severe impairment under the Act because the evidence does not establish that the impairment has more than a minimal effect on Plaintiff's ability to work. Tr. 22. At step three, the ALJ found that Plaintiff's impairments, alone or in combination, do not meet or medically equal the specified criteria of any listed impairment, so that a finding of disability was not permitted at step three. Tr. 22.

At step four, the ALJ determined that Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except that she is limited to lifting and carrying up to 20 pounds occasionally and 10 pounds frequently; she could push/pull as much as she could lift/carry; she could stand and walk for up to six hours and sit for up to six hours in an eight-hour workday; she could frequently handle with both hands, however, she cannot perform repetitive gross manipulations; fine manipulation and object positioning is permitted; she could frequently finger with the right hand and occasionally finger with the left hand; she can never climb ladders, ropes, and scaffolds; she could occasionally balance and crawl; she cannot perform repetitive stooping, kneeling, or crouching; she is limited to hearing and understanding simple oral instructions and is able to communicate simple information; she can have no exposure to unprotected heights, moving mechanical parts, and can never operate a motor vehicle; she must avoid concentrated exposure to dust, odors, fumes, and other pulmonary irritants; she cannot perform work with any handling, sale, or preparation of controlled narcotic substances or alcoholic beverages; she can have no more than incidental (1/6 of shift) interaction with co-workers and the public as necessary to complete assigned work, visible or audible contact is permitted at all other times, but no interaction must be required; she can respond appropriately to the public on an incidental basis (1/6 of shift); she is limited to simple work-related decisions; time off-task can be accommodated by normal breaks; she would be absent once per month, at two-hour intervals each, for pre-arranged mental health provider appointments. Tr. 24.

The ALJ found Plaintiff is unable to perform her past relevant work as a general production worker as it would require abilities that exceed her RFC. Tr. 29. Finally, at step five, the ALJ found that Plaintiff retains an RFC to perform other work as a photocopying machine operator, DOT 207.685-014, mail clerk, DOT 209.687-062, or inspector, DOT 727.687-062. Tr.29-30. Accordingly, the ALJ determined that the plaintiff was not "disabled" under the Act. Tr. 30.

**II. Analysis**

Plaintiff argues that remand is required because the physical RFC assessment is not supported by substantial evidence.[3] Dkt. No. 9 at 10-16. Specifically, Plaintiff argues that the ALJ erred by relying on his lay opinion instead of a medical opinion to create the physical RFC assessment, where he failed to incorporate the Plaintiff's functional limitations identified by Michael Woltz, PAC ("PA Woltz"). *Id.* The Commissioner contends that the ALJ's RFC findings are supported by substantial evidence. Dkt. No. 12 at 29. For the reasons that follow, I find that the RFC determination was not supported by substantial evidence, which requires remand of this matter for further administrative proceedings.

**A. Physical RFC Assessment**

RFC is defined as "what an individual can do despite his or her limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20,

---

[3] Plaintiff advances other arguments that she believes warrant reversal of the Commissioner's decision. However, the Court will not address these arguments because it disposes of this matter based on the improper physical RFC assessment.

2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). To determine a claimant's RFC, "the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis." *Id.* (citing 20 C.F.R. § 404.1545(a)). The ALJ must assess a claimant's ability to lift, handle, push, pull, reach, sit, stand, and walk. 20 C.F.R. § 404.1545(b). Where an ALJ's analysis of a claimant's functional limitations provides "an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous . . . [r]emand is not necessary." *Cichocki v. Astrue*, 739 F.3d 172, 177 (2d Cir. 2013). However, the Second Circuit also noted, "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (citing *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) (remanding where "the ALJ failed to resolve the inconsistencies in the evidence" regarding claimant's residual functional capacity.)).

Here, the ALJ found at step two that Plaintiff's carpal tunnel syndrome is a severe impairment. Tr. 22. Then, the ALJ determined that the Plaintiff had the RFC to perform a limited range of light work including: the ability to lift and carry up to 20 pounds occasionally and 10 pounds frequently and the ability to perform frequent handling but not repetitive gross manipulations, which the Plaintiff disputes. Tr. 24. In determining the Plaintiff's RFC, the ALJ relied on opinions from Susan Santarpia, PhD (examining

7

source), C. Butensky, PhD (state agency consultant), Nikita Dave, MD (examining source), and PA Woltz (treating source). Tr. 28.

Plaintiff argues that the ALJ erred by failing to incorporate the Plaintiff's functional limitations identified by treating source PA Woltz. Dkt. No. 9 at 1, 11-14. The Commissioner contends that substantial evidence supports the ALJ's decision to discount portions of PA Woltz's opinion because it is the ALJ's role to choose between medical opinions and resolve evidentiary conflicts. Dkt. No. 12 at 25-26 (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)). I agree with Plaintiff that the ALJ failed to provide an explanation for discounting portions of PA Woltz's opinion dated August 22, 2015.

**B. The ALJ's treatment of PA Woltz's Opinion**

In determining the Plaintiff's RFC, the ALJ adopted PA Woltz's conclusions that the Plaintiff is capable of low stress jobs; can walk for many blocks without rest; and could sit and stand for more than two hours at one time for more than six hours per workday. Tr. at 28. The ALJ noted that, despite PA Woltz being an unacceptable medical source, he accorded his physical RFC questionnaire assessment of the Plaintiff in August, 2015, "substantial weight" where he found it "consistent with the record as a whole" and "supported with an explanation." *Id.* The ALJ mentioned the Plaintiff's "additional limitations" identified by PA Woltz, but only addressed the attendance limitation where PA Woltz opined that Plaintiff may miss two days of work per month. *Id.* The ALJ discredited the attendance limitation and opined that the Plaintiff can "generally adjust to work with her existing symptoms." *Id.* The ALJ noted that PA Woltz was unsure if Plaintiff was a

malingerer.[4]  *Id.*  Finally, the ALJ concluded that PA Woltz's assessment was consistent with the Plaintiff's neurology records showing a good range of motion and no significant decrease in grip strength.  *Id.*

Although there is no requirement that an RFC finding correspond directly to a specific medical opinion, when an ALJ adopts only portions of a medical opinion he or she must explain why the remaining portions were rejected.  *Dioguardi v. Comm'r of Soc. Sec.*, 445 F.Supp.2d at 297 (quoting Soc. Sec. Ruling 96-8p, 1996 WL 374184, *7 (1996)); *Raymer v. Colvin*, No. 14-CV-6009P, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015) (citing *Younes*, 2015 WL 1524417 at *8 (N.D.N.Y. April 2, 2015) (Although an ALJ is free to credit only a portion of a medical opinion, "when doing so smacks of 'cherry picking' of evidence supporting a finding while rejecting contrary evidence from the same source, an [ALJ] must have a sound reason for weighting portions of the same-source opinions differently.")).

### C. Plaintiff's "Additional Limitations" identified by PA Woltz

Plaintiff does not dispute that the ALJ's RFC assessment with respect to Plaintiff's ability to sit, walk, and stand is generally consistent with PA Woltz's opinion and the medical evidence record.  Instead, Plaintiff contends that the ALJ's RFC assessment failed to incorporate the Plaintiff's "additional limitations" assessed by PA Woltz including:

---

[4] Question 9 of the Physical RFC Questionnaire asked, "Is your patient a malingerer?"  PA Woltz responded, "She may be seeking secondary gain, I am unsure at this time.  She needs cervical eval by Neuro."  Tr. 662.

rarely being able to lift ten pounds and being able to use her hands for only 10 percent of the day.  Dkt. No. 9 at 12.

On August 22, 2015, PA Woltz completed a physical RFC questionnaire.  Tr. 665-669.  He found that the Plaintiff can *never* lift and carry 20 pounds, *rarely* lift and carry 10 pounds, and can frequently lift and carry less than 10 pounds.  Tr. 667 (ex. B16F, p. 3) (emphasis added).  PA Woltz also concluded that the Plaintiff has significant limitations with reaching, handling, and fingering due to numbness of her hands and would be limited to using her hands and fingers for only ten percent of an eight-hour workday and her arms for thirty percent.  Tr. 667 (ex. B16F, p. 4).  PA Woltz further opined that the Plaintiff would be absent from work about two days per month due to "bad days" resulting from her impairments or treatment.  Tr. 667 (ex. B16F, p. 4).

Even though the ALJ accorded PA Woltz's assessment "substantial weight" and it was the only medical source opinion that addressed the Plaintiff's ability to lift and carry (limited to rarely lifting 10 pounds), the ALJ somehow determined that she retained a RFC of light work requiring Plaintiff to frequently lift 10 pounds and occasionally lift 20 pounds.  For example, at the hearing, Plaintiff testified that she couldn't lift much and would be unable to lift a gallon of milk for long, if at all, due to the pain in her hands.  Tr. 79.  Therefore, both PA Woltz's medical opinion (which the ALJ accorded "substantial weight") and the Plaintiff's testimony conflict with the ALJ's RFC finding.  The ALJ also found that the Plaintiff could frequently handle, again in conflict with the handling limitations identified by PA Woltz.  Here, the ALJ made no mention of PA Woltz's

10

assessment opining that the Plaintiff would be limited in the use of her hands and fingers to ten percent of an 8-hour workday. It is unclear to the Court how the ALJ, who is not a medical professional, was able to make this highly specific determination without reliance on a medical opinion. "[T]he ALJ's RFC finding as to the Plaintiff's physical impairments does not provide the Court, as it must, with the ALJ's rationale in relation to the evidence." *Paul v. Colvin*, 15-CV-310-RJA-HBS, 2016 WL 6275231, at *2 (W.D.N.Y. Oct. 27, 2016) (citing *Cichocki*, 729 F.3d at 177); *see also Buchanan v. Colvin*, 15-CV-88S, 2016 WL 2729593, at *4 (W.D.N.Y. May 11, 2016). The ALJ cannot "cherry pick from a medical opinion, i.e., he or she may not credit evidence that supports administrative findings while ignoring conflicting evidence from the same source." *Zayas v. Colvin*, 2016 WL 1761959, at *4 (W.D.N.Y. May 2, 2016); *Caternolo v. Astrue*, 2013 WL 1819264 at *9 (W.D.N.Y. April 29, 2013) ("The ALJ assigned parts of [the doctor's] opinion 'significant' weight, but he completely disregarded the portion of the report that would have led to a finding of disability by eroding Plaintiff's ability to do all light work.") As a result, I find the RFC assessment is not supported by substantial evidence.

Accordingly, on remand, the ALJ is directed to evaluate and delineate which portions of PA Woltz's opinion will be incorporated into his RFC finding, and which will not be included. For those portions of PA Woltz's opinion that are not included, the ALJ must explain why, when determining Plaintiff's capacity to perform relevant functions. *See Vazquez v. Comm'r of Soc. Sec.*, 2015 WL 4562978, at *14 (S.D.N.Y. July 21, 2015) ("Where an ALJ ignores relevant evidence that is before him and neglects to 'adequately

explain which evidence' he rejects and why, remand is appropriate.") (internal citation omitted); 20 C.F.R. § 404.1529(c)(1).

**Conclusion**

For the reasons stated above, Defendant's motion for judgment on the pleadings (Dkt. No. 12) is DENIED, and Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is GRANTED to the extent that the Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings consistent with this Decision and Order.

DATED: Buffalo, New York
November 8, 2018

> *s/ H. Kenneth Schroeder, Jr.*
> **H. KENNETH SCHROEDER, JR.**
> **United States Magistrate Judge**